SPINAZZOLA *v.* MANUFACTURERS NATIONAL
BANK OF DETROIT

Bills and Notes—Memorandum on Checks.

> A memorandum on a check describing the funds and the source from which it comes, or the payment intended by the check, does not, as a general rule, act as a notification to a bank or other person receiving, paying, or cashing the check, of any facts which it is bound to investigate.

Appeal from Wayne, Charles Kaufman, J. Submitted Division 1 October 15, 1970, at Detroit. (Docket No. 7,529.) Decided November 30, 1970.

Complaint by Antonio and Cosma Spinazzola against Manufacturers National Bank of Detroit for monies paid on a check and unjust enrichment.

Reference for Points in Headnote
11 Am Jur 2d, Bills and Notes §§ 66–69, 193.

Judgment for defendant. Plaintiffs appeal. Affirmed.

*Metry, Metry, Sanom, Ashare & Goldman* (*Dennis Matulewicz,* of counsel), for plaintiffs.

*Bodman, Longley, Bogle, Armstrong & Dahling* (*Lloyd C. Fell,* of counsel), for defendant.

Before: J. H. GILLIS, P. J., and DANHOF and MAHINSKE,* JJ.

DANHOF, J. The plaintiffs claim that the defendant bank was put on notice not to cash a certified check by a notation in its upper left hand corner reading "To be held in escrow" and also that the defendant bank was unjustly enriched with the plaintiffs' funds. Most of the facts have been stipulated, but the sequence in which some of them occurred is disputed.

The plaintiffs entered into an escrow agreement with Benjamin Bagozzi, now deceased, wherein they deposited with Mr. Bagozzi the sum of $5,500 to purchase a liquor license. On February 4, 1963, they deposited in escrow with Mr. Bagozzi $4,500 of the $5,500. The deposit was made by certified check payable to "Benjamin Bagozzi" and contained the notation "To be held in escrow" in the upper left hand margin. The check was certified at a branch of the defendant bank at Mr. Spinazzola's request at about 2:40 p.m. on February 4, 1963. Later that day Mr. Bagozzi cashed the check at the main office of the defendant bank which was open from 10 a.m. until 5 p.m. The teller knew that Mr. Bagozzi was in the real-estate business.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Sometime that day Mr. Bagozzi paid off in cash a promissory note from himself and his wife to the bank in the amount of $5,023.33. The evidence did not establish whether Mr. Bagozzi paid off the note before or after he cashed the check. Mr. Spinazzola testified that Mr. Bagozzi was with him from 9:30 a.m. to about 4:30 p.m. on February 4, 1963, whereas Mrs. Bagozzi testified that she met her husband at sometime between 3 and 3:30 p.m. at the defendant's main branch.

On February 4, 1963, Benjamin Bagozzi had two accounts at the defendant bank, one in the name of Benjamin Bagozzi—Realtor Escrow Account. On January 30, 1963, the balance in this account was $54.41. On February 21, 1963, it was $52.18. The difference resulted from a service charge by the bank. There was no deposit during this time.

The other account was in the name of Benjamin Bagozzi. On February 4, 1963, the balance in it was $101.07. Before a transaction on that date, the balance was $123.31. When the account was closed on February 21, 1963, there was $18 in it. Mr. Bagozzi's estate contained no other cash.

Mr. Bagozzi was killed on February 4, 1963, at approximately 6 p.m. in a car-train crash. The car caught on fire and it was impossible to determine how much, if any, cash Mr. Bagozzi had with him.

The trial court, sitting without a jury, found that the notation on the check was "not too clearly written", that, even if read, was subject to varying constructions, and that it did not constitute notice to the bank. The trial court also found that the proofs did not show that the bank was unjustly enriched.

The trial court's findings are not clearly erroneous. GCR 1963, 517.1. Generally memoranda on checks describing the funds and the source from

which they come, or the payment intended by the checks, do not act as notifications to a bank or other person receiving, paying, or cashing such checks, of any facts which it is bound to investigate. 11 Am Jur 2d, Bills and Notes, § 456, p 496. The proofs did not show whether the defendant bank ever received any part of the $4,500 paid to Mr. Bagozzi. Thus, to hold in favor of the plaintiffs might result in their unjust enrichment.

Affirmed.

All concurred.